# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 8077 | **DATE** | 5/30/2002 |
| **CASE TITLE** | Hofmann vs. Fermilab, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order granting various motions to dismiss (24-1, 25-1, 27-1 and 30-1). Accordingly, plaintiff's discrimination and related claims against URA are dismissed with prejudice, as are her claims against H. Evan Williams, and his law firm, O'Hagan, Smith & Amundsen, for his conduct in 98 C 7646, and her claims against Valerie Hofmann, Deborah Kop, and their law firm, Seyfarth, Shaw, Fairweather & Geraldson, for their conduct in that case, and also plaintiff's claim against Champus and the Department of Defense. All claims against Marion Nealon, Joanne Travolieri, or Linda Shovein are dismissed. Plaintiff's claim against Medicare is dismissed for lack of subject matter jurisdiction. Various motions to strike are denied as moot.
(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 5 number of notices | **Document Number** |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | **MAY 3 0 2002** date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | 50 |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | | 5/29/2002 | |
| | | 02 MAY 30 AM 11:09 | date mailed notice | |
| MPJ | courtroom deputy's initials | | MPJ6 | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

I.M. HOFMANN, )
)
    Plaintiff, )
)
v. ) No. 01 C 8077
)
FERMILAB NAL/URA, and VALERIE )
HOFFMAN, DEBORAH KOP/MAHONEY, )
and SEYFARTH, SHAW, FAIRWEATHER )
& GERALDSON, )
)
    and )
)
H. EVAN WILLIAMS, and O'HAGAN, )
SMITH, & AMUNDSEN, )
)
    and )
)
TOMMY THOMPSON, SOCIAL SECURITY )
ADMINISTRATION SECRETARY, )
MARION NEALON, JOANNE )
TRAVOLIERI, and LINDA SHOVEIN )
)
    and )
)
SECRETARY OF DEFENSE, and )
CHAMPUS/TRICARE, )
)
    Defendants. )

**DOCKETED**

**MAY 3 0 2002**

## MEMORANDUM OPINION AND ORDER

This opinion discusses, and I hope ends, a long-standing dispute that the plaintiff, now acting pro se, has had with her former employer and everyone involved in any way, as well as some persons or entities not even remotely involved in the matter.

In 1989, I.M. Hofmann filed charges with the Illinois Department of Human Rights against her employer, Universities Research Association ("URA"), alleging sex and disability discrimination. She was fired in 1990, and subsequently amended her complaint to include, in addition, claims of harassment and retaliation. She sued in federal court in 1998, alleging discrimination because of sex, age, national origin, sexual harassment, retaliation, assault, battery, defamation, and personal injury in the previous case, *Hofmann v. Fermilab*, 98 C 7646 (N.D. Ill. filed Nov. 30, 1998). In September 1999, the parties reached a settlement agreement encompassing all of Hofmann's employment discrimination claims, but, after orally agreeing to the settlement, she refused to sign it. She fired her appointed lawyer, H. Evan Williams, and was appointed another, Robin Miller, for a hearing on the defendants' motion to enforce the settlement. After a hearing on December 16, 1999, the court ruled that there was an enforceable oral settlement agreement. Compl., Tab F, at 123-24. The case was dismissed without prejudice until January 21, 2000, in event of breach; if the case was not reinstated, the dismissal became one with prejudice. Hofmann appealed and lost. Compl., Tab D. The case was never reinstated. It was therefore terminated with prejudice.

Hofmann's present complaint is a rambling disquisition of 113 pages, in clear violation of Fed. R. Civ. P. 8(a) (calling for "a

short and plain statement of the claim"). It may be dismissed with prejudice on those grounds alone. *Vicom, Inc. v. Harbridge Merchant Services, Inc.*, 20 F.3d 771, 775-76 (7th Cir. 1994) ("A prolix and confusing complaint should be dismissed under Rule 8 because it makes it difficult for a defendant to file a responsive pleading and difficult for a court to conduct orderly litigation, as well as to conserve judicial resources."), and I dismiss it on those grounds among others.

In any event, the complaint is without merit: not only does Hofmann attempt to relitigate matters decided in her previous employment discrimination case, which she appealed to the Seventh Circuit and lost, but she sues her own lawyer in that case--also largely over matters also litigated and decided in the prior case-- and sues the lawyers of the defendant in the previous case, and also several agencies of the federal government and their employees--in one instance for things that have not been done to her, and in no case for anything or on any basis for which she could recover.

In ruling on a motion to dismiss, I must construe the complaint's allegations in the light most favorable to the plaintiff and take all well-pleaded facts and allegations in the complaint as true. *Bontkowski v. First Nat'l Bank of Cicero*, 998 F.2d 459, 461 (7th Cir. 1993). The allegations of a complaint should not be dismissed for failure to state a claim "unless it

-3-

appears beyond a doubt that the plaintiff can prove no set of facts in support of h[er] claim which would entitle h[er] to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

I begin with Hofmann's employment discrimination and related claims against her former employer, URA. These claims are substantially barred by the doctrine of claim preclusion. The doctrine bars all claims that were or could have been raised against the parties and their privies in the previous case. *Simon v. Allstate Employee Group Med. Plan*, 263 F.3d 656, 657 (7th Cir. 2001). The basic policy of claim preclusion is finality: a plaintiff gets one chance to litigate a claim to final judgment, and, while she may appeal, she does not get to relitigate the same claim, or any related claim she could have brought in that action, merely because she lost the first time around. *See Empire Fire and Marine Ins. Co. v. J. Transport, Inc.*, 880 F.2d 1291, 1295 (11th Cir. 1989). Federal rules of claim preclusion apply when, as here, the previous case was federal. *Havoco of Am., Ltd. v. Freeman, Atkins & Coleman, Ltd.*, 58 F.3d 303, 307 n.7 (7th Cir. 1995). The "three elements of federal claim preclusion [are] identity of claims, identity of parties, and a prior final judgment on the merits." *Perry v. Globe Auto Recycling, Inc.*, 227 F.3d 950, 952 (7th Cir. 2000).

The claims relating to the discrimination allegedly committed by URA in this lawsuit were all ones that are or could have been

raised in the first lawsuit. The parties are the same; the defense lawyers added to this lawsuit are in privity with the defendant there. *See Henry v. Farmer City State Bank*, 808 F.2d 1228, 1235 n.6 (7th Cir. 1986) (Claim preclusion bars claims against attorneys of only defendant in the prior suit). And the court's order enforcing the settlement in the prior case is a final judgment. All matters relating to her claims of employment discrimination by URA are barred by claim preclusion.

Hofmann also sues her own attorney from that case, H. Evan Williams, and (by *respondeat superior*) his law firm, O'Hagen, Smith & Amundsen, apparently alleging legal malpractice, attorney misconduct, breach of fiduciary duty, and breach of contract because Williams failed to advise her of settlement negotiations, acted without authority in those negotiations, and failed to protect her from a Medicare lien or to protect her rights under the Illinois Workers Compensation Act. Hofmann also alleges that Williams violated the Illinois Professional Code of Conduct and Fed. R. Civ. P. 11, breached a fiduciary duty to the government, should be criminally indicted for interference with federal contracts, violated Hofmann's civil rights and engaged in retaliation.

As far as I can determine, the legal malpractice and breach of contract claims arise from Hofmann's confusion about the scope of representation. Williams was appointed by the Northern District of

Illinois to represent Hofmann in the previous employment discrimination case. Compl. at 34-35. Hofmann seems to think that this made Williams her attorney generally, including requirements that he represent her in her insurance disputes and on worker compensation matters. But in Illinois, "an attorney's duty to a client is measured by the representation sought by the client and the scope of the authority conferred." *Simon v. Wilson*, 684 N.E.2d 791, 801 (Ill. App. Ct. 1997). Here the authority was conferred by the district court to represent Hofmann in the matter to hand, not to serve as her personal attorney in all respects. The employment discrimination case in which Williams represented Hofmann contained no claims of physical injury that might relate to a Medicare lien or a workers' compensation claim. Moreover, the district court held that any claim of physical injury was extraneous to Hofmann's employment discrimination lawsuit and would not be affected by the settlement. Compl., Tab. F. at 123-24. Williams was not required to represent her in those respects.

Hofmann also charges Williams with malpractice for settling her case without authority and without advising her of the negotiations. This claim is barred by the district court's holding to the contrary at the hearing approving the settlement, where these charges were the main issue before the court. Hofmann had fired Williams, apparently on the basis of these allegations, and was represented by a new lawyer, Miller. After a two-day

evidentiary hearing, the district court rejected Hofmann's charges. Compl., Tab A, at 123 (Williams "fully informed" Hofmann of "all pertinent facts regarding the agreement."). The court held that Williams had the authority to negotiate and settle the case. *Id.* at 83, 87-89.

Here issue rather than claim preclusion applies, and since the prior case is federal, I use federal issue preclusion principles. *Havoco,* 58 F.3d at 307. Issue preclusion will apply if: (1) the issue sought to be precluded is the same as that involved in the prior action; (2) the issue was actually litigated; (3) the determination of the issue was essential to the final judgment; and (4) the party against whom estoppel is invoked was fully represented in the prior action. *Id.* The issues here and at the hearing on the motion to enforce the settlement is the scope of Williams' agency and his performance of it; the issues were argued and decided; their determination was essential to the enforcement of the settlement, and Hofmann was represented by counsel.

Hofmann alleges that Williams participated and orchestrated a fraudulent conspiracy while negotiating the settlement agreement. However, the circumstances constituting the fraud must be pled in detail. *DiLeo v. Ernst & Young,* 901 F.2d 624, 629 (7th Cir. 1990). This means "the who, what, when, where, and how: the first paragraph of any newspaper story." *Id.* That is lacking here. I note, moreover, that the fraud allegations are also issue-

precluded, having been decided in Williams' favor by the court at the enforcement hearing.

Hofmann asks for recovery against Williams for misconduct on the basis of the Illinois Rules of Professional Responsibility, which do not create a private right of action. *Zanders v. Jones*, 680 F. Supp. 1236, 1239 (N.D. Ill. 1988). This issue is also precluded by the district court's findings in the enforcement hearing. Hofmann also asks for recovery on the basis of Fed. R. Civ. P. 11, and that issue is also precluded for lack of any finding of misconduct, as well as the fact that Rule 11 affords no private right of action. *See Cohen v. Lupo*, 927 F.2d 363, 365 (8th Cir. 1991); *Port Drum Co. v. Umphrey*, 852 F.2d 148, 150 (5th Cir. 1988).

Finally, Hofmann may not institute criminal charges against Williams or anyone else; even if there was a criminal violation involved in interfering with a federal contract (which she has not successfully alleged Williams has perpetrated anyway), criminal charges may be instituted only by the government, not a private party. *See Jones v. Clinton*, 206 F.3d 811, 812 (8th Cir. 2000) (criminal contempt context). Neither can Hofmann charge Williams with retaliating against her under Title VII or any statute that covers employers, since she does not allege that he was her employer, nor under any civil rights statute that requires state

action, since she does not allege that he was a government official or acting in concert with one.

As mentioned, Hofmann not only sues her lawyer in the previous case, she sues the *defendants'* lawyers in that case, Valerie Hofmann, Deborah Kop, and their law firm, Seyfarth, Shaw, Fairweather & Geraldson ("Seyfarth"). Insofar as Hofmann's allegations against these defendants are not barred by claim and issue preclusion as explained above, Hofmann fails to state a claim. First, Hofmann may not sue her former employer's lawyers under the employment discrimination law; they were not her employer.

Second, Hofmann's civil rights claims under 42 U.S.C. § 1983 against URA, various attorney defendants, and all other private parties are dismissed for failure to state a claim because such lawsuits cannot be maintained against non-state actors, and she does not allege that the named attorneys or Seyfarth were state actors, or were acting in concert with state actors. Hoffman's claim under § 1985(2) is dismissed for failure to state a claim because the pleadings show on their face that any bar that may have existed to Hofmann testifying or appearing in federal court in this matter was due to the order of the district court enforcing a settlement; that based on § 1985(3) is dismissed, among other reasons, because she cannot show any legal harm. The defendants' attorneys are entitled to defend their clients by lawful means, to

her detriment, and regardless of their motivations, whether or not these are based on animus against plaintiffs' membership in a protected category. In any event, Hofmann settled with the defendants, and so has no harm for which she could recover against them or their attorneys. Her claim under 42 U.S.C. § 1986, which on the face of the statute depends on being able to state a claim under § 1985, is likewise dismissed.

Third, Hofmann's vague assertions of fraud on the part of the Seyfarth attorneys fail because she does not plead the circumstances constituting the fraud with specificity, as required by Fed. R. Civ. P 9(b), and her claims against Seyfarth and its attorneys for allegedly false and defamatory statements made in the course of their representation of parties are barred by the absolute privilege accorded to statements made in a judicial proceeding that are relevant even if otherwise defamatory. *Defend v. Lascelles,* 500 N.E.2d 712, 718 (Ill. App. Ct. 1982).

Finally, the Seyfarth attorneys had no duty to Hofmann whatsoever to make any provision for her interests with respect to Medicare in the settlement negotiations; indeed, as the legal representatives of her employer, which she was suing, they had a duty to zealously represent a party whose interests were antagonistic to hers. If (which does not appear to be the case here), they thought it was in the interests of their client to act in a way that failed to protect or even resulted in harm to

Hofmann's prospects for Medicare recovery, and it was not otherwise unlawful to do so, it would not violate their legal duties to so act. Likewise, the Seyfarth attorneys had no duty to Medicare, which they did not represent, and if they had had a duty to Medicare, and breached it, Hofmann would have no standing to sue on its behalf.

Hofmann sues various federal agencies--the Department of Health and Human Services, the Social Security Administration, and the Department of Defense--apparently to prevent Medicare from seeking repayment from her settlement for monies it expended on her behalf. Compl. at 80. As indicated by the letter from Medicare to plaintiff of August 25, 2000, attached to Compl., Tab F, Medicare has not yet sought repayment, nor is there any evidence that it is likely to do so at any time in the foreseeable future. The letter only informs her that she is legally obligated to pay Medicare back for medical benefits expended on her behalf if she has other coverage. There is no indication that this has any bearing on her settlement agreement, which was not a settlement for a personal injury claim for physical injury, but for an employment discrimination claim. Moreover, the letter is not a demand for payment. The claim against Medicare is dismissed as unripe; no actual or imminent harm is alleged.

Hofmann also sues Champus as part of the Department of Defense, apparently on the grounds that it failed to cover some of

her medical expenses. This is also precluded. Hofmann has already sued on this matter, see *Hofmann v. Hammack*, 82 F. Supp.2d 898 (N.D. Ill. 2000) (Bucklo, J.); I dismissed that action for failure to exhaust administrative remedies, and there is no indication that the defect was rectified.

Hofmann has no claim against individual employees or contractors of the federal government in either their official or personal capacities, including Marion Nealon, Joanne Travolieri, or Linda Shovein. The United States's characterization of Hofmann's naming these individuals as "misguided harassment" is wholly justified. Her other allegations against all defendants are dismissed for the reasons explained, and in the alternative, for failure to set forth adequate notice of the basis of the claim.

Hofmann's employment discrimination and related claims against URA are DISMISSED with prejudice, as are her claims against H. Evan Williams, and his law firm, O'Hagen, Smith & Amundsen, for his conduct in that case, and her claims against Valerie Hofmann, Deborah Kop, and their law firm, Seyfarth, Shaw, Fairweather & Geraldson, for their conduct in that case, and also Hofmann's claim against Champus and the Department of Defense. All claims against Marion Nealon, Joanne Travolieri, or Linda Shovein are DISMISSED with prejudice. Hofmann's claim against Medicare is DISMISSED for lack of subject matter jurisdiction. The various motions to strike are

DENIED as moot.

          **ENTER ORDER:**

          _____
          **Elaine E. Bucklo**
          United States District Judge

Dated:   May 30, 2001